**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:25-cv-03143-JFW-KES                           Date: January 21, 2026

Title: MICHAEL ZIMRAN v. KRISTI NOEM, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

|  Jazmin Dorado  |  Not Present  |
|  Courtroom Clerk  |  Court Reporter  |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **Order Requiring Respondents to Show Cause Why They Should Not Be Held in Contempt for Violating a Court Order (Dkt. 27)**

## I.    BACKGROUND

Michael Zimran ("Petitioner") filed this habeas action under 28 U.S.C. § 2241 in November 2025.  ("Petition" at Dkt. 1.)  On December 8, 2025, the Court denied Petitioner's request for preliminary injunction.  (Dkt. 17.)  On December 11, 2025, the Court ordered Respondents to respond to the Petition and also ordered:

> **To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court.**[1]
>
> [n.1:] If Respondents obtain travel documents authorizing them to remove Petitioner to Pakistan, they may submit the documents to the Court and request that this restriction be lifted.

(Dkt. 18 at 1-2) (emphasis in original).

On January 5, 2026, the Magistrate Judge issued a report and recommendation ("R&R")

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03143-JFW-KES                                   Date: January 21, 2026
                                                                                                  Page 2

that the Petition be granted and Petitioner be released from custody.  (Dkt. 21.)  Respondents filed objections to that R&R on January 12, 2026.  (Dkt. 25.)  On January 14, 2026, the Magistrate Judge issued a Final R&R explaining why those objections did not change the recommendation.  (Dkt. 26.)  The District Judge is currently considering whether to accept that Final R&R.

On January 20, 2026, Petitioner filed a declaration stating that, on Thursday, January 15, 2026—the day after the Magistrate Judge issued the Final R&R— Petitioner was transported to an ICE facility in El Paso, Texas.  (Dkt. 27.)  According to Petitioner, when he told ICE officials that he "had pending legal proceedings in the U.S. District Court for the Central District of California, they said this did not matter because [he] had not obtained a temporary restraining order and there was nothing barring them from transporting [him]."  (Id. at 7.)  According to Petitioner, ICE officials also told him that "their job was to remove [him] and they did not care whether the country [he] was deported to accepted [him] or whether it sent [him] back to the United States."  (Id.)

A search of the public ICE Inmate Locator (https://locator.ice.gov/odls/#/search) on January 21, 2026 confirms that Petitioner is currently detained in El Paso, Texas.

## II.    LEGAL STANDARD

A magistrate judge's contempt authority is governed by 28 U.S.C. § 636(e).  When a magistrate judge is authorized to hear pre-trial matters pursuant to § 636(b)(1), as in this case, the magistrate judge's contempt authority is defined by § 636(e)(6)(B)(i)-(iii).

Under these provisions, a magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.  28 U.S.C. § 636(e)(6)(B)(iii); see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).  Specifically, upon finding an act constituting a civil contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).  Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt.  See Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996); see also John Hancock Life Ins. Co. (United States of Am.) v. Wu, No. 23-cv-02700,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03143-JFW-KES                                    Date: January 21, 2026
                                                                            Page 3

2025 WL 1343618, at *2 (N.D. Cal. May 8, 2025) ("A magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.").

## III.    CONCLUSION

IT IS HEREBY ORDERED that, **within seven (7) days of the date of this Order**, Respondents shall show cause in writing, if any they have, why the Magistrate Judge should not certify the facts set forth in this Order and initiate civil contempt proceedings before the District Judge.

Respondents shall also tell the Court Petitioner's location and describe any efforts to return him to the Central District of California.

Initials of Deputy Clerk <u>jd</u>